**SO ORDERED.**

**DONE and SIGNED May 21, 2019.**



_____
JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| IN RE: | | Case Numbers: |
|---|---|---|
| Ashley Nicole Summage | § | 12-12868 |
| Cassandra Evette Abbott | § | 13-12230 |
| Eddie Thomas, Jr | § | 13-13070 |
| Verlynn Armstrong | § | 14-10648 |
| Donald Eugene Miller | § | 14-12237 |
| Bridgett Cotina Murry | § | 14-30131 |
| Derrick Anthony Green | § | 14-32194 |
| Dave W. Ross | § | 15-30244 |
| Debtors | | Chapter 13 |

## Memorandum Ruling

In each of the above-captioned cases, Glay H. Collier II, LLC (the "**LLC**"), a creditor to whom the Chapter 13 Trustee (the "**Trustee**") sent a check for distribution, failed to timely negotiate it. When the check remained unnegotiated for

more than ninety (90) days, the Trustee stopped payment on the check and tendered the unclaimed funds to the Clerk of Court who, in turn, deposited the funds into the registry of this Court pursuant to 11 U.S.C. § 347(a).  Glay H. Collier, II ("**Collier**") filed a "Petition for Payment from Unclaimed Funds" in each case (the **"Petitions"**) requesting disbursement of the unclaimed funds to himself, rather than the LLC. The amounts sought by Collier vary depending on the amount of unclaimed funds in each case, but the unclaimed funds requested by Collier total $4,828.30.

The Petitions do not clearly show that, under fundamental principles of corporate and agency law, the juridical person seeking the unclaimed funds is the same juridical person to whom the unclaimed funds are payable.  For the reasons set out more fully below, the Court **DENIES** the relief sought by Collier.

I.  **Jurisdiction, Venue, Core Status and Authority to Enter Final Order**

This Court has jurisdiction over the objections pursuant to 28 U.S.C. § 1334 and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. Venue is proper pursuant to 28 U.S.C. § 1408.  All claims presented to this Court are "core" pursuant to 28 U.S.C. § 157 (b)(2)(A) and (O).

This Court has an independent duty to evaluate whether it has the constitutional authority to enter a final order.  The Supreme Court's ruling in *Stern v. Marshall,* 564 U.S. 462 (2011), sets forth certain limitations on the constitutional authority of bankruptcy courts to enter final orders. *BP RE, L.P. v. RML Waxahachie Dodge, L.L.C.,* 735 F.3d 279, 286 (5th Cir. 2013) (" 'the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the

claims allowance process.' ") (quoting *Stern,* 564 U.S. at 499). Thus, under *Stern*, in addition to determining whether each claim is core or non-core, this Court must also determine whether the underlying issue "stems from the bankruptcy itself or it would necessarily be resolved in the claims allowance process." *BP RE,* 735 F.3d at 286. Absent both statutory and constitutional authority, this Court may not enter a final order, and instead must issue proposed findings of fact and conclusions of law to be considered by the district court.

In this case, the matters before the Court involve requests to obtain unclaimed funds held in the Court's registry. This case is far different than the matter presented in *Stern* where the court was confronted with the resolution of a counterclaim that was "not resolved by in the process of ruling on a creditor's proof of claim." *Stern*, 564 U.S. at 503. The matters before the Court arise from express statutory provisions regarding the administration of unclaimed funds held in a bankruptcy court's registry (28 U.S.C. §§ 2041, 2042) and an express Bankruptcy Rule (Fed. R. Bankr. P. 3011). Accordingly, this Court finds that it is constitutionally authorized to enter a final order on the Petitions filed by Collier.

## II. <u>Findings of Fact</u>

This Court makes the following findings of fact pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 52 of the Federal Rules of Civil Procedure. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.

The facts, in pertinent part, are as follows:

1. On October 18, 2012, Ashley Nicole Summage filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (Case No. 12-12868). At the conclusion of her case, unclaimed funds in the amount of $48.48 remained. The unclaimed funds are now held in the Court's registry under the name of the original owner, the LLC.

2. On August 30, 2013, Cassandra Evette Abbott filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (Case No. 13-12230). At the conclusion of her case, unclaimed funds in the amount of $30.84 remained. The unclaimed funds are now held in the Court's registry under the name of the original owner, the LLC.

3. On November 27, 2013, Eddie Thomas, Jr. filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (Case No. 13-13070). At the conclusion of his case, unclaimed funds in the amount of $65.24 remained. The unclaimed funds are now held in the Court's registry under the name of the original owner, the LLC.

4. On March 20, 2014, Verlynn Armstrong filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (Case No. 14-10648). At the conclusion of her case, unclaimed funds in the amount of $1,270.62 remained. The unclaimed funds are now held in the Court's registry under the name of the original owner, the LLC.

5. On September 12, 2014, Donald Eugene Miller filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (Case No. 14-12237). At the

conclusion of his case, unclaimed funds in the amount of $309.47 remained. The unclaimed funds are now held in the Court's registry under the name of the original owner, the LLC.

6.     On January 21, 2014, Bridgett Cotina Murry filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (Case No. 14-30131). At the conclusion of her case, unclaimed funds in the amount of $250.00 remained. The unclaimed funds are now held in the Court's registry under the name of the original owner, the LLC.

7.     On December 9, 2014, Derrick Anthony Green filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (Case No. 14-32194). At the conclusion of his case, unclaimed funds in the amount of $2,800.00 remained. The unclaimed funds are now held in the Court's registry under the name of the original owner, the LLC.

8.     On February 27, 2015, Dave W. Ross filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (Case No. 15-30244). At the conclusion of his case, unclaimed funds in the amount of $53.65 remained. The unclaimed funds are now held in the Court's registry under the name of the original owner, the LLC.

9.     The unclaimed funds described in paragraphs 1-8 above are hereinafter collectively referred to as the **"Unclaimed Funds."**

### III.  Conclusions of Law and Analysis

This Court makes the following conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. To the extent that any conclusion of law

constitutes a finding of fact, it is adopted as such.

## A. Procedure for Recovering Unclaimed Funds.

11 U.S.C. § 347(a) requires the Trustee to pay into the bankruptcy court any distributions payable to a creditor that the creditor does not timely claim. The unclaimed funds paid into court are to be disposed of under Chapter 129 of Title 28 of the United States Code.

Here, the Trustee deposited the Unclaimed Funds with this Court's clerk of court. Once the clerk of the court received the Unclaimed Funds, they became subject to administration in compliance with 28 U.S.C. § 2041, which provides for recovery, with court approval, by the "the rightful owners":

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money ***to the rightful owners*** upon security, according to agreement of parties, under the direction of the court.

28 U.S.C. § 2041 (emphasis added.)

With the Unclaimed Funds, the Trustee also provided to the clerk of the court the name and address of the entity to which the money was originally distributed. Fed. R. Bankr. P. 3011. The Unclaimed Funds remain on deposit with the Treasurer of the United States until an appropriate claim is filed for their recovery pursuant to 28 U.S.C. § 2042, which requires "full proof of the right thereto":

> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so

> deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney **and full proof of the right thereto**, obtain an order directing payment to him.

28 U.S.C. § 2042 (emphasis added.)

Thus, the applicable provisions of Chapter 129 direct the Court to disburse any unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds. See *Leider v. United States*, 301 F.3d 1290, 1296 (Fed. Cir. 2002). Under statutory requirements and due process principles, the Court has the duty to protect the original claimant's property interest by making sure that unclaimed funds are disbursed to their true owner. Because an application for unclaimed funds is typically considered *ex parte*, the Court must insist on exact compliance with legal requirements relating to the authority of an individual or entity to act on behalf of the owner.

The "rightful owner" of unclaimed funds paid into the Court under § 347(a) is the holder of the proof of claim on account of which the trustee made the distribution. *In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit "A"*, 341 B.R. 65, 69 (Bankr. N.D. Ga. 2005). In the case of a corporate or other legal entity, such as a limited liability company, the rightful owner is the entity itself, not its owners. *Id.*

### B. Collier's Petitions Do Not Show That He is Entitled to the Unclaimed Funds.

The analysis here focuses on the terms "rightful owner" and "right thereto" as stated in 28 U.S.C. §§ 2041 & 2042. The rightful owner of the Unclaimed Funds is the LLC, a juridical entity separate and apart from Collier.

In his Petitions, Collier asserts that he is entitled to the Unclaimed Funds because the LLC is classified as "inactive" by the Louisiana Secretary of State. However, the classification of the LLC as "inactive" or "active" simply has no bearing upon the question of Collier's authority to act on behalf of the LLC.

Collier further asserts that he is entitled to the Unclaimed Funds because he is the registered agent for service of process and sole officer of the LLC. However, Collier's status as the sole officer and registered agent for service of process does not endow him with the right to act on behalf of the company.

A claimant such as Collier is not entitled to unclaimed funds if the funds are held in the name of another entity. See e.g. *In re Senor's Q, Inc.*, 264 B.R. 669 (Bkrtcy. E.D. Cal. 2001) (holding that a corporate claimant's principal was not the "rightful owner" of unclaimed funds on deposit with the bankruptcy court, given the lack of evidence that, after the corporation suspended its business, it had ever been wound up and dissolved, rather, the corporation was the "rightful owner" of the unclaimed funds and the only party entitled to petition the court for their release, until such time as it was properly dissolved).

Here, just as in *In re Senor's Q, Inc., supra,* the only entity entitled to the Unclaimed Funds is the entity in whose name the funds are held, the LLC. There

are provisions under Title 12, Chapter 22 of the Louisiana Revised Statutes that clearly set forth how a limited liability company can dissolve itself or authorize someone to act on its behalf. Nothing before the Court indicates that the LLC availed itself of these provisions.

As one court has held, "it is the duty of the bankruptcy court to make sure that any unclaimed funds of the bankruptcy estate are paid to the proper party." *In re Pena*, 456 B.R. 451, 453 (Bkrtcy. E.D. Cal. 2011). Thus, the Court is duty-bound to ensure that the Unclaimed Funds are not paid to Collier based on the Petitions submitted. Moreover, remitting the unclaimed funds to Collier pursuant to his Petitions is especially problematic because the LLC may be liable to other creditors, and under any circumstance, Collier's interest in the LLC is an equity interest that would rank behind any creditors of the LLC.

## IV. <u>Conclusion</u>

As the applicant seeking unclaimed funds, the burden rests upon Collier to prove that he is entitled to the unclaimed funds sought. *In re Rodriguez*, 488 B.R. 675, 678 (Bankr. E.D. Cal. 2013). Here, Collier did not meet his burden.

Collier must show that he is legally entitled to the funds. Collier's application falls short of establishing his right to collect the Unclaimed Funds under applicable law. The bankruptcy court generally looks to state law to determine property rights. *See Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Under Louisiana law, Collier and his LLC are separate juridical persons. Thus, even assuming as true Collier's allegations that the LLC is "inactive" and that he is the

registered agent for service of process and sole officer of the LLC, Collier is still not entitled to the Unclaimed Funds because he is not the "rightful owner" with the "right thereto," nor has he provided the Court with sufficient evidence that he is entitled to act on behalf of the LLC, or that the LLC has been properly dissolved pursuant to Louisiana law.

For the reasons stated herein, the Court **DENIES** the relief sought in the Petitions by Collier. A separate order denying each of the Petitions will be entered.

###